1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:14-CV-502 JCM (GWF)

SHERRY L. CORMIER,

         Plaintiff(s),

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

         Defendant(s).

**ORDER**

Presently before the court is plaintiff Sherry Cormier's motion to remand.  (Doc. # 8).
Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a response
(doc. # 10), and plaintiff filed a reply.  (Doc. # 13).

**I.      Background**

On November 26, 2012, an automobile operated by Rexalynn Walberg struck plaintiff's
vehicle from behind while plaintiff waited at a traffic signal. (Doc. # 10 at 2).  From November 26,
2012, to August 1, 2013, plaintiff visited Sunrise Hospital Medical Center, Akers Chiropractic,
Nevada Comprehensive Pain Center, Las Vegas Radiology, Desert Radiology, and Desert
Orthopedic Center for medical care. (Doc. # 10-1 at 3-6).  Though varying diagnoses were made
during the course of her treatment, plaintiff's medical issues primarily involve damage to the spine
and both knees. *Id.* at 3-6.

**James C. Mahan**
**U.S. District Judge**

1    On October 29, 2013, plaintiff's counsel sent correspondence to plaintiff's insurer, State

2  Farm, requesting a policy settlement of $50,000. *Id.* at 7. Plaintiff's complaint indicates State Farm

3  has not accepted this request. (Doc. 1-1 at 4). Plaintiff alleges breach of contract, violations of

4  N.R.S. 686A.310, and breach of the covenant of good faith and fair dealing. (Doc. # 1-1 at 4-6).

5  Defendant filed for removal (doc. # 1), and plaintiff moved to remand. (Doc. # 8).

6  **II.    Legal Standard**

7    An action filed in state court may be removed to federal court if the federal court would have

8  had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter

9  jurisdiction exists over suits between citizens of different states where the amount in controversy

10  exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The removal statutes are construed

11  restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the

12  case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also*

13  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

14    Where the complaint does not establish the amount in controversy, "the removing defendant

15  bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

16  exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996);

17  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

18  **III.   Discussion**

19    The only question in the present motion is whether the amount in controversy exceeds the

20  $75,000 threshold established in 28 U.S.C. § 1332. (Doc. # 8 at 4).

21    On its face, the complaint does not establish the amount in controversy to be greater than

22  $75,000 because plaintiff asks for a judgment of "[g]eneral damages in excess of ten thousand

23  dollars" in addition to unquantified special and punitive damages, prejudgment interest, attorney's

24  fees, and other relief. (Doc. # 1-1 at 7-8).

25    Therefore, defendant must satisfy the amount-in-controversy requirement by a preponderance

26  of the evidence. *Sanchez*, 102 F.3d at 404. Significantly in the present case, "[c]onclusory

27  allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*

28

**James C. Mahan**
**U.S. District Judge**                                          - 2 -

1    *Co.* 319 F.3d 1089, 1090-91 (9th Cir. 2003).

2         *A. Lost Wages, General Damages, and Attorney Fees*

3         Defendant lacks evidence supporting its estimations of potential damages for lost wages,

4 general damages, and attorney fees. (Doc. # 10 at 6-9). Thus, defendant's proffered estimations are

5 conclusory and cannot be considered for the amount-in-controversy calculation. *See Matheson*, 319

6 F.3d at 1090-91.

7         *B. Punitive Damages*

8         Defendant seeks a "home run" resolution to the amount-in-controversy question by

9 analogizing possible punitive damages from the present controversy to cases with materially different

10 facts.

11         Defendant's reference to *Robinson v. State Farm Mut. Auto. Ins. Co.* is unpersuasive. (Doc.

12 # 10 at 8). First, defendant does not explain if or how Idaho law relevant in that case mirrors Nevada

13 law. *See Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 832-33 (Idaho 2002). Next,

14 defendant does not mention the relevance of the evidence in *Robinson* that the insurer there referred

15 claims to review companies it knew would find favorably for the insurer. *See id*. at 831-32.

16         Next, defendant describes possible punitive-damage-to-benefits ratios resulting from cases.

17 *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1012 (9th Cir. 2007) ("awarding [plaintiff]

18 $1,147,355 in unpaid benefits . . ." and $10,000,000 in punitive damages); (Doc. # 10 at 8). As in

19 *Robinson*, the plaintiff in *Merrick* alleged particularly dishonest dealings distinct from those alleged

20 in the present case. *See Merrick*, 500 F.3d at 1012 ("[A witness] testified that the company's

21 handling of Merrick's claim was consistent with many of Unum Provident's improper practices . .

22 . ."). Analogous allegations are not present here.

23         Additionally, defendant cites *Athey v. Farmers Ins. Exch.*; however, South Dakota law

24 governed that case. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362-63 (8th Cir. 2000).

25 Therefore, *Athey* is not persuasive here.

26         Finally, defendant's invocation of *Ainsworth v. Combined Ins. Co. of Am.* fails to aid

27 defendant's argument. (Doc. # 10 at 8). Defendant does not describe or apply the factors influencing

28

**James C. Mahan**
**U.S. District Judge**

1   the level of punitive damages in *Ainsworth* to the current case. *See Ainsworth v. Combined Ins. Co.*

2   *of Am.*, 763 P.2d 673, 677.  For the foregoing reasons, the case law argued by defendant is

3   unpersuasive.  Accordingly, defendant does not meet its evidentiary burden to add punitive damages

4   to the amount-in-controversy calculation.

5        *C. Medical Expenses*

6        First, defendant refers to plaintiff's potential pursuit of additional medical treatment,

7   contending that this care "will probably be billed at tens of thousands of dollars." (Doc. # 10 at 6).

8   Defendant does not indicate the factual basis of this conclusion.  Consequently, this speculation is

9   to be ignored when aggregating the amount in controversy. *See Sanchez*, 102 F.3d at 404.

10       Next, defendant refers to plaintiff's assertions that past medical expenses amounting

11  $19,260.76 resulted from the automobile accident. (Docs. # 10 at 6, 10-1 at 6).  However, at the

12  current stage of litigation, this is only supported by plaintiff's assertion in a letter demanding

13  settlement from defendant. (Doc. # 10-1 at 6).  This communication is neither a sworn statement,

14  nor clear evidence of plaintiff's exact medical expenses.

15       Even if this form of evidence is sufficient to establish that figure, the monetary sum involved

16  in the current controversy, in context of the foregoing determinations, does not approach the amount-

17  in-controversy requirement.

18       *D.  Jurisdictional Discovery*

19       In its response, defendant states "[i]f the [c]ourt determines the facts in evidence are

20  insufficient to establish that the amount in controversy exceeds the jurisdictionally required amount,

21  the [c]ourt should permit the parties to conduct discovery regarding subject matter jurisdiction."

22  (Doc. # 10 at 9).

23       However, Special Order No. 109(III)(F)(4) states, "[a] separate document must be filed for

24  each type of document or purpose."  Consequently, a separate motion for jurisdictional discovery

25  is the proper method of requesting leave to seek additional evidence for defendant's amount-in-

26  controversy argument.  As defendant requests this permission within its response to plaintiff's

27  motion to remand, the court will not consider this request. (Doc. # 10 at 9-10).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    **IV.     Conclusion**

2          In summary, defendant fails to show by a preponderance of the evidence that the amount in

3    controversy of the present case exceeds $75,000.  *See Sanchez*, 102 F.3d at 404. In addition,

4    defendant's request to conduct jurisdictional discovery is not considered because the manner of the

5    request's introduction violated Special Order No. 109.

6          Accordingly,

7          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

8    remand (doc. # 8) be, and the same hereby is, GRANTED.   The clerk will enter judgment

9    accordingly and close the case.

10          DATED July 15, 2014.

11

12                                             _____
                                               **UNITED STATES DISTRICT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 5 -